UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CATHERINE BREEN, | : |
|     Plaintiff, | : |
| | : |
| v. | :    C.A. No. 18-315JJM |
| | : |
| LINDA GREEN and | : |
| HOWLAND GREEN, | : |
|     Defendants. | : |

**SUPPLEMENT TO REPORT AND RECOMMENDATION**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

In my report and recommendation of September 13, 2019, (ECF No. 42), I found that Plaintiff is the prevailing party on the underlying motion to reopen and that Section 12 of the Settlement Agreement and Abdullah v. Evolve Bank & Tr., No. CA 14-131 S, 2015 WL 4603229, at *4-5 (D.R.I. July 29, 2015), establish independent bases for awarding Plaintiff a reasonable attorneys' fee. To complete my recommendation to the District Court by including a recommendation of a specific fee award, I directed Plaintiff to file a motion for attorneys' fees and expenses, which she did on September 23, 2019. ECF No. 45. In response, Defendants objected vigorously to the antecedent recommendation that fees should be awarded, which objection (among others) is now pending before the District Court. Otherwise, except for the expense discussed below, Defendants stipulated that the fees requested – $23,357 – are fair and reasonable and that the work performed was necessary in relation to the motion to reopen. Based on this stipulation, and on my review of Plaintiff's motion, I so find.

Defendants challenge the expense based on the charge for the work of Mark Russo, the independent attorney who examined the billing records of Plaintiff's counsel and opined on the reasonableness of the hourly rates, as well as on the reasonableness and necessity of the total

time spent by various professionals in Mr. Indeglia's office. In all, Mr. Russo charged $3,500 for the work required to complete the review that he summarized in his affidavit. Mr. Russo's detailed analysis is more than sufficient to meet the standard for an opinion from an independent attorney regarding "what is a reasonable charge for legal services rendered" as required by the Rhode Island Supreme Court in Tri-Town Constr. Co. v. Commerce Park Assoc. 12, LLC, 139 A.3d 467, 479-80 (R.I. 2016). Defendants argue that the Russo affidavit is not a necessary charge because they have not disputed the reasonableness of the fees sought by Plaintiff's counsel; if asked, they say, they would have advised that they do not wish to bicker with his invoice. However, Defendants have presented nothing to suggest that they advised Plaintiff's counsel of their willingness to consider consenting to his fees sufficiently in advance to render the Russo affidavit unnecessary. In addition, Defendants take issue with the reasonableness of Mr. Russo's charge because it is a flat fee that does not reflect actual work performed.

Defendants do not cite and the Court was unable to find any authority setting forth bright-line rules on charging for the work done by an independent attorney opining to the reasonableness of a fee application and the necessity for the work performed, although there are cases suggesting that such affidavits are customarily done as a courtesy with no charge. However, these are also decisions that criticized the proffered affidavit as unhelpful or the overall application as excessive. See In re Johnson & Johnson Derivative Litig., 10-2033(FLW), 2013 WL 11228425, at *56 (D.N.J. June 13, 2013), adopted, Civil Action Nos. 10-2033 (FLW), 11-4993(FLW), 11-2511(FLW), 2013 WL 6163858 (D.N.J. Nov. 25, 2013) ("This sort of affidavit might properly be characterized by a reviewing court as one given out of courtesy, but provides little or no evidentiary support for an award."); Duncan v. Golden Rod Broilers, Inc., Civil Action No. 06-S-1076-NE, 2008 WL 11422446, at *2-3 (N.D. Ala. July 22, 2008) ("Never

2

before has the court encountered a situation in which the attorneys who offer affidavits in support of a fee petition bill the movant for the service, whereupon the movant then attempts to pass that cost along to the opposing party . . . . [T]he court firmly believes that he could have acquired such an affidavit free of charge from attorneys who were already familiar with his reputation, and who would not need to devote time to familiarizing themselves with his background.").

The Court is reluctant to set a precedent appearing to mandate that a costly affidavit must accompany every fee petition, driving up the overall cost of litigation. While an affidavit from an independent attorney is necessary under Tri-Town Constr., 139 A.3d at 479-80, it may not be necessary for it to be as thoughtful and thorough as the analysis supplied by Mr. Russo. If available, an affidavit supplied as a courtesy would be preferable; it also would have been preferable to ask opposing counsel what aspect of the fee petition would be disputed, which would inform what sort of opinion (and what cost) is truly necessary. Nevertheless, in the circumstances of this intensely litigated case, the Court is also reluctant to hold that Plaintiff's counsel was obligated to have the fee application prescreened with Defendants before procuring a supporting affidavit.

Based on the foregoing, I recommend a compromise: because the Russo affidavit was useful to the Court and clearly involved a substantial investment of time, I find that a charge for its preparation is reasonable and necessary. However, in light of the considerations set forth above, I also recommend that the charge for the affidavit be cut by 50%.

In conclusion, I hereby supplement the recommendation of September 13, 2019, as follows: I recommend that the Court award Plaintiff attorneys' fees of $23,357 and expenses of $1,750, for a total award of $25,107. I further recommend that the Court permit Plaintiff to

make a motion to seek an additional and final award to cover fees and expenses incurred hereafter as she continues to litigate the issues raised by the motion to reopen to conclusion.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision. See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
October 4, 2019